**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

PHILLIP KRAFT                                       :
1693 Meetinghouse Road                       :
Warminster, PA 18974                           :          CIVIL ACTION NO.:
                                                                 :
                    Plaintiff,                          :          **JURY TRIAL DEMANDED**
                                                                 :
        v.                                                    :
                                                                 :
S&S ACTIVEWEAR                                   :
220 Remington Blvd.                             :
Bolingbrook, IL 60440                           :
                                                                 :
                    Defendant.                       :

---------------------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff Phillip Kraft ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant S&S Activewear ("Defendant"), alleges as follows:

**INTRODUCTION**

1.        Plaintiff brings this Complaint contending that Defendant violated the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania

Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, with respect to discrimination

on the basis of his age and in retaliation for his complaint(s) of discrimination in connection

thereto.

**PARTIES**

2.        Plaintiff Phillip Kraft is a citizen of the United States and Pennsylvania, and

currently maintains a residence at 1693 Meetinghouse Road Warminster, PA 18974.

3.        Upon information and belief, Defendant S&S Activewear is a for-profit

corporation organized and existing under the laws of the State of Illinois, with an office at 220

Remington Blvd. Bolingbrook, IL 60440, and maintains a place of business at 2 Ontelaunee Drive Reading, PA 19605.

4.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5.     On or about May 20, 2026, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

6.     Plaintiff's EEOC Charge was docketed as Charge No. 530-2026-03382 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

7.     By correspondence dated May 28, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

8.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9.     This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

10.     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

2

11.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

12.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

13.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

14.     Plaintiff first began his employment with Defendant in or about March 2025 in the position of Senior Financial Analyst and worked remotely from his home in Warminster, PA.[1]

15.     By way of background, Plaintiff was born on September 2, 1974, and is currently fifty-one (51) years old.

16.     At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

17.     In addition to Plaintiff's manager, Plaintiff also reported to Director of Finance Matt Tennenhouse.

18.     Upon information and belief, Mr. Tennenhouse is in his mid-30s and is therefore substantially younger than Plaintiff.

19.     It soon became clear that Mr. Tennenhouse treated Defendant's younger employees more favorably than Plaintiff, as he frequently ignored Plaintiff's emails and

---

[1] Plaintiff had initially been employed in this role by a company named Alpha Broader, which was acquired by Defendant in or around October 2024.

contributions during meetings while being quick to support and respond to Plaintiff's younger colleagues.

20.    In or about November 2025, Mr. Tennenhouse notified Plaintiff that he was being put on a performance improvement plan ("PIP").

21.    After reviewing the PIP, Plaintiff contacted Mr. Tennenhouse via email requesting clarification of the items contained therein.

22.    Mr. Tennenhouse replied that Plaintiff's new manager Drew Lawson would being following up to discuss Plaintiff's concerns.

23.    In or about November 2025, Plaintiff began working under Manager Drew Lawson.

24.    Upon information and belief, Drew Lawson is in his mid-30s and is therefore substantially younger than Plaintiff.

25.    Notably, in comparison with the way Mr. Lawson would conduct himself around Defendant's younger employees, it became clear that Mr. Lawson harbored a discriminatory animus toward Plaintiff strictly on the basis of his age.

26.    By way of example, on one occasion where Plaintiff asked Drew Lawson for clarification on an assignment, Mr. Lawson replied, "you're wasting my fucking time."

27.    Mr. Lawson also frequently cancelled his meetings with Plaintiff that were purportedly scheduled to support Plaintiff in completing his PIP.

28.    When meetings between Plaintiff and Mr. Lawson did take place, Mr. Lawson frequently spoke down to Plaintiff, making remarks such as, "You should have never asked these questions," and, "God dammit, this is how I want it done."

4

29.     Plaintiff subsequently submitted a complaint to Defendant's human resources representative Jolanta Jablonski regarding Drew Lawson's use of hostile and abusive language toward Plaintiff.

30.     Nevertheless, Mr. Lawson's use of abusive language toward Plaintiff continued unabated.

31.     Defendant abruptly terminated Plaintiff's employment on or about January 9, 2026.

32.     Upon information and belief, on or about March 26, 2026, Defendant hired an individual named John Swisher to replace Plaintiff in his role as Senior Financial Analyst.

33.     Upon information and belief, John Swisher is approximately thirty-two (32) years old and is therefore substantially younger than Plaintiff.

34.     Based on the aforementioned, Plaintiff believes and therefore avers that Defendant discriminated against him and ultimately terminated his employment because of his age (51) and in retaliation for his complaints of discrimination in connection thereto in violation of the Age Discrimination in Employment Act and Pennsylvania Human Relations Act.

35.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. 621, *et seq.***
**DISCRIMINATION & RETALIATION**

36.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

37.     At all times relevant hereto, Defendant had at least twenty (20) employees.

38.     Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of his age (52).

39.     Defendant violated the ADEA by unlawfully discriminating against Plaintiff on account of his age, being fifty-one (51) at the time of the unlawful discrimination, and thus a member of a protected class under the ADEA.

40.     Defendant acted willfully and with reckless indifference to Plaintiff's civil rights.

41.     As a result of Defendant's actions, Plaintiff has suffered significant economic damages, including, but not limited to loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential fringe benefits, and other economic and/or pecuniary damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A.     Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Liquidated damages;

C.     Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVIANIA HUMAN RELATIONS ACT**
**43 Pa. C.S.A. § 951,** *et seq.*
**AGE DISCRIMINATION & RETALIATION**

42. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

43. At all times relevant hereto, Defendant had at least four (4) employees.

44. At all times material hereto, Plaintiff was qualified for his position with Defendant.

45. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of his age (51).

46. Ultimately, Defendant took tangible employment action against Plaintiff on the form of terminating his employment because of his age and in retaliation for his complaints of discrimination in connection thereto, in violation of the PHRA.

47. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

48. As a result of Defendant's actions, Plaintiff has suffered significant economic damages, including, but not limited to loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential fringe benefits, and other economic and/or pecuniary damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.  Pre-judgment interest in an appropriate amount; and

D.  Such other and further relief as is just and equitable under the circumstances.

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to Plaintiff in light of the caps on certain damages as set forth by

applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:      s/ *Johannes Hoffman*
          Michael Murphy, Esq.
          Johannes Hoffman, Esq.
          Eight Penn Center, Suite 2000
          1628 John F. Kennedy Blvd.
          Philadelphia, PA 19103
          TEL: 267-273-1054
          FAX: 215-525-0210
          murphy@phillyemploymentlawyer.com
          jhoffman@phillyemploymentlawyer.com
          Attorneys for Plaintiff

Dated: July 30, 2026

8

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.